UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CINDY LANDRY                              CIVIL ACTION

VERSUS                                    NUMBER 09-955-JJB-SCR

JOSE FLORES, JR., ET AL

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 16, 2009.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CINDY LANDRY                                         CIVIL ACTION

VERSUS                                               NUMBER 09-955-JJB-SCR

JOSE FLORES, JR., ET AL

MAGISTRATE JUDGE'S REPORT

Before the court is the Plaintiff's Motion to Remand. Record document number 6. The motion is opposed.[1]

Plaintiff filed suit in state court against defendants Jose Flores, Jr., Cactus Transport Services, Inc., Great West Casualty Company, and State Farm Mutual Automobile Insurance Company to recover for damages caused when the vehicle being driven by defendant Flores struck the rear of the plaintiff's vehicle. Plaintiff's state court petition did not describe any particular injuries she allegedly sustained and sought recovery of reasonable general and special damages.

Defendants Flores, Cactus Transport Services and Great West removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. State Farm separately consented to the removal.[2] Defendants alleged in the Notice of Removal that the "plaintiff's counsel has informed defendants that plaintiff alleges she suffered a

---

[1] Record document number 7.

[2] Record document number 4.

herniation at C 6-7 and has to date $50,000 in medical expenses related to the accident at issue."[3]

Plaintiff moved to remand, arguing that the amount in controversy needed to support diversity jurisdiction under § 1332 is not present.  Plaintiff also argued that the removal is procedurally defective because defendant Cactus Transport Services has not been served or filed an answer to the state court petition, and has not filed an unambiguous written statement consenting to the removal.  Plaintiff also sought an award of expenses under 28 U.S.C. § 1447(c).

Defendants argued that the plaintiff's counsel advised prior to removal that her medical expenses were already more than $50,000, and when asked to stipulate or admit that her damages were less than $75,000 the plaintiff declined to do so.

### Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages, the Fifth Circuit has

---

[3] Notice of Removal, ¶ V.

established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id.* If the

defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

Louisiana Civil Code article 893 provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."

### **Analysis**

It is not facially apparent from the allegations in the plaintiff's state court petition that the value of her claims exceeds $75,000 exclusive of interest and costs. However, the defendants have shown by a preponderance of the evidence that the required amount in controversy is present.

Plaintiff failed to include a general allegation in her state court petition that her claims are less than the required jurisdictional amount. While not determinative, this factor

supports the defendants' position.

Defendants alleged in the Notice of Removal that the "plaintiff's counsel has informed defendants that plaintiff alleges she suffered a herniation at C 6-7 and has to date $50,000.00 in medical expenses related to the accident at issue."[4]  Plaintiff attempted to dispute this allegation by now asserting that the plaintiff's counsel is uncertain what treatment, if any, is related to the accident.  This attempt is unavailing.  The fact that there was before removal, or is now, some uncertainty about what treatment was caused by or related to the accident does not negate the information on which the defendants relied to remove the case.

Since the plaintiff does not dispute the allegation that she claims to have suffered a herniation at C 6-7 nor deny that she had incurred medical expenses of $50,000 at the time of removal, there is no factual dispute to resolve.[5]  When her medical expenses (as first represented by her counsel) are combined with even modest general damages, the defendants have shown that the required amount in controversy is present.  Plaintiff has not shown to a legal

---

[4] Notice of Removal, ¶ V.

[5] Although the plaintiff described these statements as "hearsay of plaintiff's counsel," the plaintiff does not dispute that they were made nor does she contend that they were inaccurate when made. Plaintiff's statement in her memorandum that it was an error for the defendant "to say that plaintiff's counsel has affirmatively represented that any amount of plaintiff's treatment is directly related to the subject accident" (record document number 6-2, p. 2) is not an accurate statement of the allegation contained in paragraph 5 of the Notice of Removal. It is beyond dispute that the amount of the plaintiff's medical expenses incurred as a result of the accident is in controversy.

5

certainty that the amount in controversy does not exceed $75,000.00.

Plaintiff's procedural argument has no merit. Plaintiff admits that at the time of removal defendant Cactus Transport Services had not been served.[6] None of the cases cited by the plaintiff hold that a defendant which has not been served must still join in or consent to the removal. Indeed, the only binding case cited by the plaintiff, *Getty Oil Corp. v. Insurance Co. Of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988), reaffirms that only served defendants must join in or consent to the removal. Because at the time of removal defendant Cactus Transport Services had not been served it was not required to either join in the removal or consent to it. Consequently, it is not necessary to address the plaintiff's argument that the Notice of Removal is defective because defendant Cactus Transport Services did not file a separate statement consenting to the removal.

## Recommendation

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand be denied.

Baton Rouge, Louisiana, December 16, 2009.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] Plaintiff does not argue, and there is no indication in the record, that defendant Cactus Transport Services has been served since the case was removed.

6